**Eugene B. BOWLER, Plaintiff,**

v.

**John F. WELSH, Jr., Defendant.**

**Civ. No. 89–142B.**

United States District Court,
D. Maine.

Aug. 22, 1989.

Eugene B. Bowler, Camden, Me., pro se.

Paul Chaiken, Bangor, Me., for defendant.

## ORDER

LAFFITTE, District Judge, Sitting by Designation.

Plaintiff has filed a petition in this Court: to restrain and enjoin John F. Welsh Jr., Chairman of the Board and Chief Executive Officer of the General Electric Co., Fairfield, Connecticut from the impressment and compulsory acquisition of [his]

shares (1200) in General Electric Canada Inc.

Plaintiff alleges that the defendant, pursuant to an offer to purchase all outstanding common shares of General Electric Canada Inc., is attempting to confiscate his property in violation of the fifth, tenth and fourteenth amendments to the U.S. Constitution and the Declaration of Independence.

This offer to purchase was made by GE Canada Acquisition Corp., (the "Offeror"), a corporation wholly owned by General Electric Canadian Holdings Limited ("Holdings"), which in turn is wholly owned by General Electric Company ("General Electric"), a New York corporation with corporate headquarters in Fairfield, Connecticut. *See* Exhibit B to Defendant's Motion to Dismiss. Holdings is also the parent corporation of General Electric Canada Inc., and owns 92% of its outstanding shares. The offer was for $27.50 per share, and was conditioned upon at least 90% of the outstanding shares, *excluding* those owned by Holdings, accepting the offer. *Id.* This condition was met, and plaintiff, as a dissenter, was relegated to the provisions of Section 206 of the Canada Business Corporations Act, *see* Exhibit B at 24–26, which essentially entitled him either to accept the terms of the offer, or to apply to a Canadian court to fix the "fair value" of his shares. Plaintiff instead has filed this action, insisting that he cannot be forced to sell his shares. Plaintiff has sued John F. Welsh, Jr., because plaintiff alleges that General Electric is wholly responsible for the actions of Holdings and General Electric Canada Inc.

Whether this Court has subject matter jurisdiction over plaintiff's claim is the issue before us. Federal courts are courts of limited jurisdiction, bound by the constitutional dictates of Article III of the Constitution and by the statutory dictates of Congress. "The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists." 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3522 (2d ed. 1984).

■ Plaintiff has alleged that the defendant has violated the fifth, tenth, and fourteenth amendments to the Constitution, as well as the Declaration of Independence. We have no jurisdiction over claims allegedly arising under the Declaration of Independence. Nor has plaintiff alleged even a colorable claim as to why the defendant's action violates the tenth amendment. Plaintiff's claims under the fifth and fourteenth amendments are also fatally flawed, because he has sued a private individual. Both the fifth and fourteenth amendments protect individuals only against actions of the government, either federal or state, and not against actions of a private party. *See Gerena v. Puerto Rico Legal Services,* 697 F.2d 447, 449–452 (1st Cir.1983). John F. Welsh, Jr., acting in his capacity of chairman of the board and chief executive officer of General Electric, cannot be held accountable under the fifth or the fourteenth amendment to the Constitution, without any allegations of federal or state government involvement in the offer. Plaintiff has not, then, successfully invoked our federal question jurisdiction, as plaintiff's claim does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

■ Plaintiff has also alleged that this Court has diversity jurisdiction. *See* 28 U.S.C. § 1332. Even conceding that the plaintiff and defendant are citizens of different states, however, plaintiff has failed to meet the requisite jurisdictional amount of $50,000. Pub.L. 100–702, Title II, § 201, Nov. 19, 1988, 102 Stat. 4646 (raising jurisdictional amount from $10,000 to $50,000 in all actions filed on or after May 18, 1989). Plaintiff's petition, filed on June 15, 1989, states that he owns 1200 shares. The offer to purchase was set at $27.50 per share, in Canadian dollars. Before the offer was made, shares of General Electric Canada Inc. were trading at a low of $16.00 (May–June 1988) to a high of $21.625 (April 1989). At most, then, the amount in controversy is $33,000 in Canadian dollars, which is considerably less in United States currency.

WHEREFORE, because this Court lacks subject matter jurisdiction, defendant's motion to dismiss is hereby GRANTED.

The Clerk shall enter judgment dismissing the complaint.

IT IS SO ORDERED.